**12-3647-cv (L)**
**Vossbrinck v. Deutsche Bank National Trust Co.**

1  # UNITED STATES COURT OF APPEALS
2  # FOR THE SECOND CIRCUIT

3
4  August Term, 2013

5  (Submitted:September 23, 2013       Decided: December 8, 2014)

6  Docket Nos. 12-3647-cv, 12-4597-cv

7  ------------------------------------------------------------X

8  KARL PAUL VOSSBRINCK,

9  *Plaintiff-Appellant*,

10  v.

11  ACCREDITED HOME LENDERS, INC., (DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
12  INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE
13  LOAN TRUST ASSET BACKED NOTES, SUBSTITUTED PLAINTIFF),

14  *Defendant*,

15  DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE ON BEHALF OF
16  THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2005-4 ASSET BACKED
17  NOTES,

18  *Consolidated Defendant-Appellee*.

19  ------------------------------------------------------------X

20

21  Before: LEVAL, HALL, and LOHIER, *Circuit Judges*:

22      Plaintiff-Appellant Karl Paul Vossbrinck appeals from a judgment of the United
23  States District Court for the District of Connecticut (Eginton, *J.*) dismissing his claims on
24  the grounds that they are barred by the *Rooker-Feldman* doctrine, barred by collateral
25  estoppel, and untimely. While we agree that certain of Vossbrinck's fraud claims are
26  barred by *Rooker-Feldman*, the district court erred in dismissing those claims on the
27  merits. Instead, those claims should be remanded to state court, where Vossbrinck filed
28  them initially before the defendants removed them to federal court. The judgment as to
29  those claims is VACATED. Because Vossbrinck has waived any challenge to the district

**12-3647-cv (L)**
**Vossbrinck v. Deutsche Bank National Trust Co.**

1  court's collateral estoppel and timeliness rulings, and to the district court's dismissal of
2  his non-fraud claims, the dismissal of Vossbrinck's remaining claims is AFFIRMED. The
3  matter is REMANDED.

4  　　　　　　　　　　　　　　　　　Robert S. Catz, Law Office of Robert S. Catz,
5  　　　　　　　　　　　　　　　　　Sahuarita, AZ, *for Appellant*

6  　　　　　　　　　　　　　　　　　Peter F. Carr, II, Eckert Seamans Cherin &
7  　　　　　　　　　　　　　　　　　Mellott, LLC, Boston, MA, *for Appellee*

8  PER CURIAM:

9  　　　　Plaintiff-Appellant Karl Paul Vossbrinck ("Vossbrinck") appeals from a judgment

10  of the United States District Court for the District of Connecticut (Eginton, *J.*) dismissing

11  his claims against Accredited Home Lenders, Inc. ("Accredited") and Deutsche Bank

12  National Trust Co. ("Deutsche Bank") (collectively, "Defendants") for fraud, negligent

13  misrepresentation, unjust enrichment, violations of the Truth in Lending Act ("TILA"),

14  15 U.S.C. § 1601 *et seq*., violations of the Real Estate Settlement Procedures Act

15  ("RESPA"), 12 U.S.C. § 2601 *et seq*., violations of Connecticut's truth in lending law,

16  and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.

17  Stat. § 42-110a *et seq*., as well as "perjury," "forgery," and "predatory lending."

18  　　　　After losing title to his property in a state foreclosure action, Vossbrinck filed

19  complaints against Defendants in state and federal court seeking damages and return of

20  the property. Deutsche Bank removed the state suit to federal court, where the two actions

21  were consolidated. Vossbrinck's amended complaint alleged that Defendants (1) violated

22  state and federal laws in issuing and servicing his mortgage loan and (2) engaged in fraud

23  during the state foreclosure action. The district court dismissed the case on the grounds

2

12-3647-cv (L)
**Vossbrinck v. Deutsche Bank National Trust Co.**

1    that it lacked jurisdiction over Vossbrinck's claims under the *Rooker-Feldman* doctrine.

2    The court also ruled that Vossbrinck's claims were barred by collateral estoppel and that

3    most claims were time-barred.

4        We agree with the district court that it lacks jurisdiction over certain of

5    Vossbrinck's fraud claims under the *Rooker-Feldman* doctrine. However, Vossbrinck

6    first asserted these claims in his state court suit, which Deutsche Bank removed to federal

7    court. After determining that it lacked jurisdiction, the district court should have

8    remanded the barred claims to state court instead of dismissing them on the merits. We

9    therefore vacate the judgment as to those claims so that they may be remanded to the state

10    court. To the extent Vossbrinck has asserted fraud claims that are not barred by *Rooker-*

11    *Feldman*, we affirm the district court's dismissal of the claims as untimely and barred by

12    collateral estoppel, because Vossbrinck has not challenged those rulings on appeal.

13    Similarly, we affirm the dismissal of Vossbrinck's non-fraud claims because Vossbrinck

14    makes no arguments regarding them in his appeal.

15                      **BACKGROUND**

16        Vossbrinck obtained a loan from Accredited in 2005, secured by a mortgage on

17    certain real property. In 2007, Accredited initiated foreclosure proceedings against

18    Vossbrinck in Connecticut state court. Accredited subsequently assigned Vossbrinck's

19    promissory note and mortgage to Deutsche Bank, which was substituted as plaintiff in the

20    foreclosure action. The state court entered a Judgment of Strict Foreclosure in favor of

21    Deutsche Bank in June 2011.

**12-3647-cv (L)**
**Vossbrinck v. Deutsche Bank National Trust Co.**

1      After entry of the state judgment, Vossbrinck filed a *pro se* complaint against

2    Defendants in federal court. His federal complaint alleged that Defendants had violated

3    various state and federal laws in issuing and servicing his loan. Subsequently, after trying

4    and failing to have the foreclosure judgment set aside in the original foreclosure action,

5    Vossbrinck filed a new action in state court, alleging that Defendants had engaged in

6    fraud during the foreclosure proceedings. Deutsche Bank removed the state action to

7    federal court, where Vossbrinck's two actions were consolidated.

8      Vossbrinck's Amended Combined Complaint (the "Complaint") merges his prior

9    state and federal complaints. The Complaint alleges that Accredited violated RESPA,

10    TILA, and state law in issuing and servicing Vossbrinck's loan (Vossbrinck's "lending

11    claims"). The Complaint also alleges that Accredited and Deutsche Bank committed fraud

12    and misrepresentation before the state court during the foreclosure action (Vossbrinck's

13    "fraud claims"). As a remedy for his fraud claims, Vossbrinck seeks title to his property,

14    immediate tender of the property, declaratory relief, and punitive damages. In his brief on

15    appeal, Vossbrinck asks this court to declare the foreclosure judgment "void for want of

16    subject matter jurisdiction and for fraud." Pl.'s Brief 24.

17      The district court dismissed the Complaint, ruling that it lacked jurisdiction over

18    Vossbrinck's claims under the *Rooker-Feldman* doctrine. In addition, the court ruled in

19    the alternative that Vossbrinck's claims were barred by collateral estoppel and that most

20    claims were time-barred. On appeal, now appearing through counsel, Vossbrinck has

21    challenged only the court's dismissal of his fraud claims as barred by *Rooker-Feldman*.

4

**12-3647-cv (L)**
**Vossbrinck v. Deutsche Bank National Trust Co.**

1                                          **DISCUSSION**

2          Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over

3   cases that essentially amount to appeals of state court judgments. *See Exxon Mobil Corp.*

4   *v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The doctrine is rooted in the

5   principle that "appellate jurisdiction to reverse or modify a state-court judgment is lodged

6   . . . exclusively in [the Supreme] Court." *Id.* at 283. There are "four requirements for the

7   application of *Rooker-Feldman*": (1) the federal-court plaintiff lost in state court; (2) the

8   plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff

9   "invite[s] . . . review and rejection of that judgment"; and (4) the state judgment was

10  "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd.*

11  *of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal alterations and quotation marks

12  omitted). In this case, the factors numbered (1) and (4) are clearly satisfied. Vossbrinck

13  lost in the state foreclosure action, and the foreclosure judgment was entered before

14  Vossbrinck filed his first federal complaint.[1] We therefore focus on the second and third

15  requirements.

16          ***(1) Vossbrinck's Fraud Claims***

17          Vossbrinck alleges that Defendants engaged in fraud during the foreclosure action

---

[1]Although the state proceedings continued after entry of the foreclosure judgment, with Vossbrinck filing an appeal and a motion to reopen the judgment, Vossbrinck does not argue that the relevant state judgment was not "rendered before the district court proceedings commenced" for *Rooker-Feldman* purposes.

5

12-3647-cv (L)
**Vossbrinck v. Deutsche Bank National Trust Co.**

1   by (1) misrepresenting that they had standing to seek foreclosure, when in fact Accredited

2   was not the holder of Vossbrinck's note and mortgage when the foreclosure action was

3   initiated, and Deutsche Bank lacked standing to enter as substitute plaintiff; and

4   (2) submitting fraudulent title documents in the state action.

5          To the extent Vossbrinck asks the federal court to grant him title to his property

6   because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars

7   Vossbrinck's claim. Vossbrinck "invite[s] . . . review and rejection" of the state judgment.

8   *Id.* (internal alterations and quotation marks omitted). He is asking the federal court to

9   determine whether the state judgment was wrongfully issued in favor of parties who,

10  contrary to their representations to the court, lacked standing to foreclose. This would

11  require the federal court to review the state proceedings and determine that the

12  foreclosure judgment was issued in error. And the injury of which Vossbrinck

13  "complains" in this claim for relief, and which he seeks to have remedied, is the state

14  foreclosure judgment. This is evident from the relief Vossbrinck requests—title to and

15  tender of his property and, in his brief on appeal, to have the state judgment declared

16  "void." *Cf. Exxon Mobil*, 544 U.S. at 293 (*Rooker-Feldman*'s "paradigm situation" is

17  where the plaintiff has "repaired to federal court to undo the [state] judgment").

18         While we agree with the district court that *Rooker-Feldman* bars such claims, the

19  district court erred in dismissing these claims outright. Vossbrinck's claims that

20  Defendants made fraudulent representations during the foreclosure action were removed

21  by Deutsche Bank from state court to federal court. The *Rooker-Feldman* doctrine

6

**12-3647-cv (L)**
**Vossbrinck v. Deutsche Bank National Trust Co.**

1    pertains not to the validity of the suit but to the federal court's subject matter jurisdiction

2    to hear it. *See id.* at 291. When a case has been removed from state court to federal court,

3    "[i]f at any time before final judgment it appears that the district court lacks subject

4    matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, to the extent

5    the barred fraud claims originated in Vossbrinck's state-court complaint, the district

6    court's judgment dismissing the claims should be vacated and those claims remanded to

7    state court. When a defendant is sued in state court on a claim appropriately brought in

8    state court, which a federal court would be powerless to adjudicate, the defendant may not

9    defeat the claim by removing it to federal court and then obtaining its dismissal on the

10   grounds of the federal court's lack of jurisdiction. *Cf. Lapides v. Bd. of Regents of Univ.*

11   *Sys. of Ga.*, 535 U.S. 613, 619-20 (2002).

12       To the extent Vossbrinck's *pro se* complaint can be liberally construed as asserting

13   fraud claims that are not barred by *Rooker-Feldman*—because they seek damages from

14   Defendants for injuries Vossbrinck suffered from their alleged fraud, the adjudication of

15   which does not require the federal court to sit in review of the state court judgment—we

16   nonetheless affirm the dismissal of those claims. The district court ruled in the alternative

17   that all of Vossbrinck's fraud claims were barred by collateral estoppel and were time-

18   barred. Vossbrinck did not challenge these rulings on appeal. Thus, to the extent

19   Vossbrinck has stated claims of fraud that are not barred by *Rooker-Feldman*, we affirm

20   their dismissal because Vossbrinck has waived any argument as to the district court's

7

**12-3647-cv (L)**
**Vossbrinck v. Deutsche Bank National Trust Co.**

1    alternative grounds for dismissal.[2]

---

[2] The Fifth and Sixth Circuits have addressed in published decisions cases with facts substantially similar to ours. The Fifth Circuit's decision in *Truong v. Bank of America*, 717 F.3d 377 (5th Cir. 2013), is consistent with our decision here. In *Truong*, the plaintiff alleged that the defendant bank misled her and the state court during an action for foreclosure by executory process because the bank lacked standing and submitted inauthentic evidence to the state court. *Id.* at 380-81. The plaintiff sought damages and a declaratory judgment that the bank lacked the evidence required to invoke foreclosure by executory process. *Id.* at 381, 384. The Fifth Circuit concluded that these claims were not barred by *Rooker-Feldman* because the plaintiff was not seeking to overturn or void the state judgment and instead sought damages for injuries caused by the bank's actions. *Id.* at 383-84. The court distinguished cases in which the plaintiff asked a federal court to declare a state judgment void on grounds of alleged fraud. *Id.* at 383 n.3.

The Sixth Circuit reached a different result in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). In *McCormick*, the plaintiff claimed, *inter alia*, that the defendants obtained title to certain property through fraud during a complex series of state-court proceedings. *Id.* at 385-88. As a remedy, the plaintiff sought title to the property and to have a state court order of receivership over the property declared void, as well as damages. *Id.* at 388. The Sixth Circuit ruled that these claims were not barred by *Rooker-Feldman* because they complained of injury caused by the defendants, rather than injury caused by the state court judgments. *Id.* at 392-93. It is not entirely clear to us whether the different result in *McCormick* is attributable to the factual complexity of the state proceedings in that case or to a different legal analysis, to the effect that, in the Sixth Circuit's view, *Rooker-Feldman* applies only when a plaintiff claims that the state judgment itself is unconstitutional or violates federal law. *See id.* at 392, 395. If the latter, we respectfully disagree.

We believe the Seventh Circuit's decisions in *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014), *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645-47 (7th Cir. 2011), and *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 604-05 (7th Cir. 2008) are in substantial agreement with our analysis. In two cases, the Third and Seventh Circuits have found that the *Rooker-Feldman* doctrine did not bar allegations that a state judicial process was corrupted by conspiracy in violation of due process. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170-73 (3d Cir. 2010); *Loubser v. Thacker*, 440 F.3d 439, 441-42 (7th Cir. 2006).

**12-3647-cv (L)**
**Vossbrinck v. Deutsche Bank National Trust Co.**

1    *(2) Vossbrinck's Lending Claims*

2    Vossbrinck made no arguments on appeal challenging the district court's dismissal

3    of his "lending claims." We therefore affirm the dismissal of these claims.[3]

4                                **CONCLUSION**

5    For the foregoing reasons, the district court's judgment is hereby **AFFIRMED in**

6    **part, VACATED in part**, and **REMANDED** for further proceedings consistent with this

7    opinion.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[3]The "lending claims" originated in the complaint Vossbrinck initially filed in federal court. They were not removed from state court. Thus, to the extent the district court dismissed these claims on *Rooker-Feldman* grounds, it was not error for the court to dismiss the claims outright instead of remanding them to state court.

9